SUMMONS ISSUED **CV 14     3533**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CASE NO.:

| | |
|---|---|
| **WENDY LAFLEUR,** | KUNTZ, J. |
| **Plaintiff,** | |
| **v.** | **COMPLAINT** |
| **CAVALRY PORTFOLIO SERVICES, LLC** | |
| **Defendant.** | **JURY TRIAL DEMANDED** |

Plaintiff, by and through her attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendant CAVALRY PORTFOLIO SERVICES, LLC (hereinafter "Defendant" or "Cavalry") alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is also an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C §1681 *et seq.*

### II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. The jurisdiction of this Court is also conferred by 15 U.S.C § 1681(p) and 28 U.S.C 1367. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the acts and transactions that give rise to this action occurred in substantial part in this district.

4. The Plaintiff is a natural person and resident of the State of New York.  She is a "consumer" as defined by 15 U.S.C § 1681 a(c).

### III. ALLEGATIONS AS TO PARTIES

5. Plaintiff, Wendy LaFleur, ("LaFleur") is a natural person residing in the State of New York.

6. Upon information and belief Defendant Cavalry is a collection agency and business corporation and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Upon information and belief Defendant is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6), doing substantial and material business in Kings County, New York.

8. Upon information and belief, Defendant is also a "furnisher," as defined in 15 U.S.C § 1681s-2(a).  Upon information and belief, Defendant regularly furnishes information to consumer reporting agencies.

9. Defendant is engaged in the collection of debts from consumers using the consumer reporting agencies.  Defendant regularly attempts to collect consumer debts alleged to be due to another.

10. LaFleur is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

11. LaFleur is also a "consumer" as said term is defined under the FCRA, 15 U.S.C.§ 1681a(c).

12. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendant is subject to the jurisdiction of the United States Court and venue of this district because defendant's actions and omissions violate the statues and law of the

United States of America, resulting in the causation of inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff adopts and re-alleges the foregoing.

15. On a date better known to Defendant in the year 2012, Defendant attempted to collect an alleged debt from LaFleur by reporting the same to Equifax, Experian and Transunion the existence thereof.

16. In doing so, Defendant made several material false statements regarding the nature and amount of the debt, including without limitation communicating that LaFleur owed an alleged debt that was satisfied.

17. On or about the month February in the year 2014, LaFleur learned of this debt.  At that time LaFleur sent a letter to Defendant requesting validation of the debt.

18. Not only did Defendant fail to respond, Defendant failed to report to Equifax, Transunion or Experian that the debt was being disputed by the consumer, and also failed to remove said item.

19. Plaintiff then immediately engaged the services of the Law Office of Abel L. Pierre, PC to help him resolve this matter.

20. Defendant's actions and omissions constitute collection attempts in violation of numerous and multiple provisions of the FDCPA, including, without limitation, 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1692f and 1692f(1), amongst others.

21. Defendant, by its actions and omissions, attempted to utilize false and deceptive means to coerce Plaintiff into paying the debt.

22. Defendant knew or should have known at the time it made these reported the alleged debt to the consumer reporting agencies, that such allegations were false and deceptive.

23. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of knowing of the unlawful actions of Defendant.

24. Defendant failed to conduct a reasonable investigation by failing to analyze additional culminate additional information that would have confirmed Plaintiff's disputes.

25. As a result of Defendant's willful actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

26. As a result of Defendant's negligent actions and omissions, Plaintiff has been damaged insomuch as Plaintiff has been denied for various financial products.

## V. PRACTICES OF DEFENDANT

27. It is or was the policy and practice of Defendant to report allegedly owed debts to consumer reporting agencies, in connection with consumers who may or may not owe a debt.

28. It is or was the policy and practice of Defendant to ignore validation requests from consumers in connection with debts reported to the consumer reporting agency.

29. Said practices and policies of Defendant are deceptive, which contradicts the consumer's rights.

30. That the Defendant intentionally and knowingly and/or carelessly and recklessly causes these false, misleading debts to be reported to consumer reporting agencies, thereby coercing payment and collecting debts which it knows or should know that the consumers do not owe.

4

31. Defendant's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), and (f) in the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

32. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VI. ALLEGATIONS OF LAW

33. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to the following:  (d), (e), and (f).

    i.  Defendant violated 15 U.S.C. § 1692(d) by harassing, oppressing and/or abusing the consumer by employing unfair tactics in an attempt to collect a debt;

    ii.  Defendant violated 15 U.S.C. § 1692(e) by utilizing false, deceptive and misleading representation to collect a debt; and making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

    iii.  Defendant violated 15 U.S.C. § 1692(f) by utilizing unfair tactics to collect an alleged debt; and attempting to collect an amount not authorized by the agreement creating the debt or permitted by law;

34. To the extent that the Defendant attempted to collect a debt from Plaintiff even though Defendant knew or should have known that Plaintiff disputed the validity of the debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices. *See* New York State Code Article 22-A. § 349.


## COUNT I

### Violation of § 1692d of the FDCPA – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

35. Plaintiff adopts and re-alleges the foregoing.

36. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. See, 15 U.S.C. § 1692d.

37. Defendant's violation of § 1692d of the FDCPA, include, reporting an alleged debt to the consumer reporting agencies without taking the necessary steps to ensure the debt's validity.

38. Defendant's violation of § 1692d of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

39. By unlawfully reporting the alleged debt, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

40. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

41. Defendant's violation of § 1692d of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. See 15 U.S.C. § 1692k(a)(1).

42. Plaintiff requests that Defendant be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

## COUNT II

### Violation of § 1692e(2) of the FDCPA – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

43. Plaintiff adopts and re-alleges the foregoing.

44. Section 1692e(2) of the FDCPA prohibits a debt collector from using false or misleading representations in communications with regards to the character, amount, or legal status of the alleged debt. See, 15 U.S.C. § 1692e(2).

45. Defendant's violation of § 1692e(2) of the FDCPA, include, but are not limited to, failing to report to the consumer reporting agencies that Plaintiff disputed the nature of the alleged debt and requested validation thereof.

46. Defendant's violation of § 1692e(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

47. By unlawfully making false threats against Plaintiff, Defendant has caused Plaintiff to suffer actual injury in the form of emotional distress.

48. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that she, among other

things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

49. Defendant's violation of § 1692e(2) of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u> 15 U.S.C. § 1692k(a)(1).


## **COUNT III**

### **Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt**

50. Plaintiff adopts and re-alleges the foregoing.

51. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. <u>See</u>, 15 U.S.C. § 1692f.

52. Defendant's violation of §1692f of the FDCPA, include, but are not limited to, Defendant's actions and omissions as articulated in the complaint herein.

53. Defendant's violation of § 1692f of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

54. As a direct and proximate result of Defendant's deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

55. Defendant's violation of § 1692f of the FDCPA render it liable for actual damages, costs, and reasonable attorneys' fees. <u>See</u>15 U.S.C. § 1692k(a)(1).

## COUNT IV

### Violation of § 1692f of the FDCPA – any unfair or unconscionable means to collector attempt to collect the alleged debt

56. Plaintiff adopts and re-alleges the foregoing.

57. Cavalry published the Cavalry representations to Equifax, TransUnion and Experian (hereinafter collectively "Consumer Reporting Agencies" or "CRA's") and through Equifax to all of Plaintiff's potential lenders on multiple occasions.

58. Cavalry's representations to the CRA's were willful. Cavalry did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. Cavalry willfully determined to follow procedures which did not review, confirm or verify the identity of persons to whom it lent money.

59. As a result of this conduct, action and inaction of Cavalry, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

60. Cavalry's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Cavalry in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

## COUNT V
### Violation of 15 U.S.C § 1681s-2(b) of the FCRA – failing to correct and update information reported to CRA's

61. Plaintiff adopts and realleges the foregoing.

62. Cavalry violated 15 U.S.C § 1681s-2(b) by continuing to the Cavalry representation within Plaintiff's credit file with the CRA's by failing to fully properly investigate the Plaintiff's dispute of the Cavalry representation, by failing to review all relevant information regarding same, and by failing to permanently and lawfully correct its own internal records to prevent he re-reporting of the Cavalry representations to the consumer reporting agencies.

63. As a result of this conduct, action and inaction of Cavalry, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

64. Cavalry's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C § 1681n. In the alternative, it was negligent entitling Plaintiff to recover actual damages under 15 U.S.C § 1681o. The Plaintiff is entitled to recover costs and attorney's fees from Cavalry in an amount to be determined by the Court pursuant to 15 U.S.C § 1681o.

### COUNT VI
### Willful Violations of New York General Business Law § 380-f

65. Plaintiff adopts and re-alleges the foregoing.

66. Cavalry willfully violated NY GBS § 380-f by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

67. As a result of this conduct, action and inaction of Cavalry, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

68. Cavalry's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

69. The Plaintiff is entitled to recover costs and attorney's fees from Cavalry in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## COUNT VII
## Willful Violations of the New York General Business Law § 380-f

70. Plaintiff adopts and re-alleges the foregoing.

71. Cavalry willfully violated NY GBS § 380-f on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the CRA's; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

72. As a result of this conduct, action and inaction of Cavalry, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

73. Cavalry's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to NY GBS § 380-l.

74. The Plaintiff is entitled to recover costs and attorney's fees from Cavalry in an amount to be determined by the Court pursuant to NY GBS § 380-l.

## COUNT VIII

## Negligent Violations of the New York General Business Law § 380-f

75. Plaintiff adopts and re-alleges the foregoing.

76. Cavalry violated NY GBS § 380-f on multiple occasions by negligently failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to the CRA's; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

77. As a result of this conduct, action and inaction of Cavalry, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

78. Cavalry's conduct, action and inaction was negligent, rendering it liable for damages, in an amount to be determined by the Court pursuant to NY GBS § 380-m. The Plaintiff is entitled to recover costs and attorney's fees from Cavalry in an amount to be determined by the Court pursuant to NY GBS § 380-m.

## PRAYER FOR RELIEF

Plaintiff, Wendy LaFleur prays that this Court:

a. Declare that Defendant violated the FDCPA;

b. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendant for Plaintiff;

c. Enter judgment in favor of Plaintiff and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

d.   Declare that Defendant violated the FCRA;

e.   Enter judgment in favor of Plaintiff and against each and every Defendant, for

statutory, actual and punitive damages, costs, and reasonable attorneys' fees

as provided by the FCRA.

f.   Declare that Defendant violated the General Obligations law of the State of

New York.

g.   Enter judgment enjoining Defendant from collecting or attempting to collect

any debt alleged to be owed by Plaintiff,

h.   Grant such further relief as deemed just.


**JURY DEMAND**

Plaintiff, Wendy LaFleur demands trial by jury.


Respectfully submitted,

Dated: June 2, 2014

**LAW OFFICE OF ABEL L. PIERRE,**
**ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
40 Exchange Place, Suite 2010
New York, New York
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

13